IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KERINTON WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | Civil Action No. 3:21-CV-3176-D |
| SANTANDER CONSUMER § | |
| USA HOLDINGS, INC. and § | |
| CHRYSLER CAPITAL, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Kerinton Williams ("Williams") brings this *pro se* action against defendants Santander Consumer USA Holdings, Inc. ("Santander")[1] and Chrysler Capital ("Chrysler"),[2] alleging claims under the Fair Debt Collection Practices Act ("FDCPA") and other federal statutes. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Williams moves in multiple motions and amended motions to compel the production of documentary evidence. Defendants move to strike Williams' motions to compel, and Williams, in turn, moves to strike defendants' motion to strike. For the reasons that follow, the court denies

---

[1]In the caption of Williams' complaint and in the summons, this defendant's name is spelled "Santander Consumer USA Holdings, Inc."—i.e., "Holdings" is plural. In other instances, however, such as on the court's ECF system and in the title to defendants' January 12, 2022 motion to dismiss, the singular "Holding" is used. The court uses the plural term because it is the spelling reflected in the caption to the complaint.

[2]Chrysler is licensed to Santander Consumer USA, Inc., which is a wholly owned company of Santander. Chrysler is "more commonly known as[] Santander Consumer USA Inc. d/b/a Chrysler Capital." Mot. Dis. 1 n.1.

defendants' motion under Rule 12(b)(1) but grants their motion to dismiss under Rule 12(b)(6), denies Williams' motions and amended motions to compel and motion to strike, and grants defendants' motion to strike. The court also grants Williams leave to replead.

I

The pertinent facts are straightforward.[3] In July 2021, Williams purchased a car using the proceeds of a loan that he obtained from a car dealership. Chrysler was the indirect lender and was assigned the contract between Williams and the car dealership.[4] In September 2021, Chrysler sent Williams an account statement that included his monthly payment and outstanding loan balance.

In November 2021, Williams read over his contract with the car dealership and contacted Chrysler via the Consumer Financial Protection Bureau ("CFPB") website, seeking proof that Chrysler was the "original creditor" on his loan. Williams also asked Chrysler to

---

[3]In deciding defendants' Rule 12(b)(6) motion, the court construes Williams' complaint in the light most favorable to him, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Williams' favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

Furthermore, because Williams is a *pro se* litigant, the court construes his complaint liberally. *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019). And it holds his complaint to "less stringent standards than formal pleadings drafted by lawyers[.]" *Id.* (internal quotation marks omitted) (alteration in original).

[4]Some of this information comes from attachments to Williams' complaint. When reviewing a Rule 12(b)(6) motion to dismiss, the court may consider such attachments. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

cease and desist its collection communications regarding the debt. Chrysler responded that it was the assignee of the contract between Williams and the car dealership.

Unconvinced, Williams directly contacted the Vice President of Chrysler that same month with a similar request (in response, he received documentary evidence of his contract with the car dealership and the date of the transaction), and, later, the CEO and CFO of Santander. Williams was current on his loan as of November 15, 2021.

On December 21, 2021 Williams filed this lawsuit. Defendants now move to dismiss under Rules 12(b)(1) and 12(b)(6); Williams has filed multiple motions and amended motions to compel; and Williams and defendants have filed motions to strike. The court now decides all the pending motions on the briefs.

II

The court first addresses defendants' motion to dismiss under Rule 12(b)(1).[5]

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g., Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th

---

[5]"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Cir. 1981)).  When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial.  *Id.*  The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true.  If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (citation omitted) (citing *Paterson*, 644 F.2d at 523).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citations omitted).

B

Defendants' motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over Williams' FDCPA claims, and also appears to contest Williams' claim under 25 U.S.C. § 3116(b).  They contend that the court lacks subject matter jurisdiction over Williams' FDCPA claims because the statute only applies to a "debt collector," and neither defendant qualifies as a "debt collector" under the statutory definition.

The court construes this motion as seeking relief under Rule 12(b)(6) rather than Rule 12(b)(1).  This is so because defendants are challenging *statutory* standing, which is properly evaluated under Rule 12(b)(6).  *See Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)."); *Nixon v. Hegar*, 2021 WL 4197207, at *2 (N.D. Tex. Sept. 15, 2021) (Fitzwater, J.) (construing Rule 12(b)(6) motion as Rule 12(b)(1)

- 4 -

motion).

Defendants also maintain that the court lacks subject matter jurisdiction over Williams' § 3116(b) claim because the statute is not an independent basis for federal question jurisdiction. The court disagrees and holds that it has subject matter jurisdiction over Williams' § 3116(b) claim. But even if the court were to hold that § 3116(b) does not provide an independent basis for federal question jurisdiction, *see Ali v. Asura Insurance Services*, 2016 WL 8731060, at *2 (E.D. Cal. June 24, 2016), Williams brings other federal question claims (i.e., the FDCPA claims) that allegedly arise from the same facts giving rise to Williams' § 3116(b) claim. The court would therefore have supplemental jurisdiction over this claim under 28 U.S.C. § 1367(a). *See* § 1367(a); *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004); *McKee v. Tex. Star Salon, LLC*, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (Ramirez, J.).

Accordingly, the court denies defendants' Rule 12(b)(1) motion, either because it should be treated as a Rule 12(b)(6) motion or because it lacks merit.

III

The court turns next to defendants' motion to dismiss under Rule 12(b)(6).

A

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original)

(internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive defendants' Rule 12(b)(6) motion to dismiss, Williams must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

B

The court turns first to Williams' claims under the FDCPA.[6]

---

[6] As discussed above, the court construes defendants' Rule 12(b)(1) motion to dismiss challenging Williams' FDCPA claims as made under Rule 12(b)(6). *See supra* § II(B).

1

Defendants posit that Williams' claims under the FDCPA fail against them[7] because they are not "debt collector[s]." In particular, defendants contend that the statute defines a "debt collector" as a person whose "principal purpose" is debt collection or who "regularly collects" debts owed to "another." And under the "plain language of the definition, it is clear that Santander is not a debt collector." Mot. Dis. ¶ 10. Defendants cite three cases in which courts held that Santander was not a "debt collector."[8]

Williams generally rejects defendants' arguments in his responses. In a later exhibit, however, Williams expands on this general rejection and states that, because Chrysler is doing business as Santander Consumer USA, Inc., it is using a name other than its own to collect debts—meaning that defendants are "debt collector[s]" under the statute.[9]

2

The court grants defendants' motion and dismisses Williams' FDCPA claims because he has failed to plausibly plead that Santander or Chrysler is a "debt collector," as defined

---

[7]In making this argument, defendants refer to "Santander," dropping Chrysler from their analysis. Because defendants mention two Santander entities, it is not obvious which entity they are referring to. Elsewhere in their introduction, however, defendants state that "[d]efendants are not 'debt collectors,'" suggesting that the later reference to "Santander" applies to both defendants.

[8]Defendants did not file a reply.

[9]Williams cites "section 803(6)," which likely is intended to refer to § 1692a(6). Section 1692a(6) refers to a "creditor who . . . uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

under the FDCPA.[10] "The purpose of the . . . [FDCPA] is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012) (quoting 15 U.S.C. § 1692(e)); *see also Raburn v. Cmty. Mgmt., L.L.C.*, 761 Fed. Appx. 263, 265 (5th Cir. 2019) (per curiam).

To prevail on a FDCPA claim, Williams must plausibly plead that "(1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Hunsinger v. Sko Brenner Am., Inc.*, 2014 WL 1462443, at *3 (N.D. Tex. Apr. 15, 2014) (Fitzwater, C.J.) (internal quotation marks omitted). Under the second element, a "debt collector" is defined as "any person" (1) "[who's] principal purpose . . . is the collection of any debts" or (2) "who regularly collects or attempts to collect . . debts . . . owed or due another." § 1692a(6); *Hester v. Graham, Bright & Smith, P.C.*, 289 Fed. Appx 35, 41 (5th Cir. 2008) (per curiam) ("The statute contains two categories of debt collector, those who collect debts as their 'principal purpose,' and those who do so 'regularly.'"). "A person may 'regularly' collect debts even if debt collection is not the principal purpose of his business." *Id.* "Whether a party 'regularly' attempts to collect debts

---

[10]Williams cites §§ 1692(c), 1692(d), 1692(f), and 1692(e) of the FDCPA; each of these sections requires that the prohibited action be taken by a "debt collector." *See generally* § 1692(c)-(e).

is determined, of course, by the volume or frequency of its debt-collection activities." *Brown v. Morris*, 243 Fed. Appx. 31, 35 (5th Cir. 2007) (per curiam).

But this definition of "debt collector" is subject to exclusions, one of which is found in clause (F) of the section:

> [A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

§ 1692a(6)(F). And the exclusion is itself subject to an exception that "[n]otwithstanding the exclusion provided by clause (F)" a "debt collector" still includes "any creditor, who in the process of collecting his own debts, uses any name other than his own which would indicate that a person is collecting . . . such debts." § 1692a(6).

Williams has failed to plausibly plead that defendants are "debt collector[s]" because he has not alleged that either defendant is one (1) "[who's] principal purpose . . . is the collection of debts" or (2) "who regularly collects or attempts to collect . . debts . . . owed or due another." *See* § 1692a(6). In fact, Williams' complaint does not allege that defendants are debt collectors, and even if it did, any conclusory allegation would be insufficient. *Bent v. Mackie Wolfe Zientz & Mann, P.C.*, 2013 WL 4551614, at *3 (N.D. Tex. Aug. 28, 2013) (Ramirez, J.) (holding that *pro se* plaintiffs' conclusory allegation that defendant was debt collector was insufficient to state a claim under FDCPA), *rec. adopted*,

2013 WL 4551614 (Fitzwater, C.J.); *Garcia v. Jenkins/Babb LLP*, 2012 WL 3847362, at *7 (N.D. Tex. July 31, 2012) (Ramirez, J.), *rec. adopted*, 2012 WL 3846539 (N.D. Tex. Sept. 5, 2012) (Godbey, J.); *Verizon Employee Benefits Comm. v. Boyer*, 2007 WL 2258685, at *2 (N.D. Tex. July 23, 2007) (Boyle, J.).

Furthermore, even construing Williams' complaint liberally, the allegations are insufficient to enable the court to draw the reasonable inference that Chrysler or Santander's "principle purpose" is to collect debts: in fact, Williams specifically alleges that both companies are "automotive finance" companies, not debt collection entities. Accordingly, he has failed to plausibly plead that defendants' "principal purpose" is debt collection; his pleadings suggest the opposite. *See Ford v. Fitness Int'l, LLC*, 2018 WL 4376415, at *3 (N.D. Tex. Aug. 15, 2018) (Rutherford, J.) ("Here, Plaintiff fails to allege that Defendant Fitness International, doing business as LA Fitness, is in the business of collecting debts. Rather, Plaintiff alleges that Defendant is in the business of operating gym facilities."), *rec. adopted*, 2018 WL 4362606 (N.D. Tex. Sept. 13, 2018) (Lindsay, J.); *see also Butler v. United Prop. Associates, Inc.*, 2017 WL 11572177, at *3 (E.D. Va. Feb. 13, 2017); *Ramsay v. Sawyer Prop. Mgmt. of Md., LLC*, 948 F.Supp.2d 525, 532-33 (D. Md. 2013), *aff'd*, 593 Fed. Appx. 204 (4th Cir. 2014).

Nor does Williams plausibly plead that defendants "regularly" collect debts *of another*. § 1692a(6). The Supreme Court in *Henson v. Santander Consumer USA Inc.*, ___ U.S. ___, 137 S. Ct. 1718 (2017), held that the defendant must be collecting a debt for "another" (not on its own behalf) to qualify under this prong. *Id.* at 1721-22. But here,

despite Williams' conclusory suggestions to the contrary (that his loan contract was with another entity), it appears that the only reasonable that can be drawn from the complaint is that Chrysler was collecting on its own behalf because it was the assignee of the contract and the indirect lender. *See Cadiz v. Educ. Credit Mgmt. Corp.*, 2019 WL 4254484, at *2 (N.D. Ill. Feb. 21, 2019); *Swango v. Nationstar Sub1, LLC*, 292 F.Supp.3d 1134, 1148 (D. Or. 2018) ("[T]he only inference that can be drawn from the nonconclusory factual allegations in Plaintiff's Amended Complaint is that Nationstar was acting to collect a debt on its own behalf.").

Finally, even assuming *arguendo* Williams has plausibly alleged that defendants "regularly" collect debts of another or that their "principal purpose" is debt collection, defendants are not "debt collectors" under the FDCPA because they fall under the subclause (F) exclusion to the definition of "debt collector." The complaint does not allege the date on which Chrysler was assigned and began servicing Williams' loan, but the exhibits suggest that Chrysler began servicing the loan as early as at least September 2021 (because it sent him an account statement at that time). And, as stated elsewhere in his exhibits, as recently as November 2021 Williams' loan was current and no delinquencies were reported. Simply put: Williams' loan was "not in default at the time it was obtained by [Chrysler]." *See* § 1692(a)(6)(F)(iii); *Thompson v. Fay Servicing, LLC*, 2019 WL 6064075, at *4 (N.D. Tex. Nov. 14, 2019) (Rutherford, J.) (engaging in similar analysis of summary judgment

evidence).[11]

Accordingly, as a matter of law, and for the reasons discussed, Williams has failed to plausibly plead a claim under the FDCPA.[12] *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013) ("BAC was not a debt collector, and thus was not subject to the FDCPA because, on the Millers' pleadings, BAC already had acquired the mortgage when the Millers defaulted on it."); *Thompson, LLC*, 2019 WL 6064075, at *4; *Mason v. Freemont Inv. & Loan*, 2017 WL 4512486, at *4 (N.D. Tex. July 26, 2017) (Boyle, J.); *Perdomo v. Mortgage Elec. Registration Sys. Inc.*, 2015 WL 9487864, at *5 (N.D. Tex. Oct. 29, 2015) (Toliver, J.), *rec. adopted*, 2015 WL 9478182 (N.D. Tex. Dec. 29, 2015) (Godbey, J.); *Richard v. Santander Consumer USA, Inc.*, 2011 WL 6202238, at *3 (N.D. Tex. Dec. 13, 2011) (McBryde, J.); *see also Torne v. Republic Mortg. LLC*, 2010 WL 1904507, at *4 (D. Nev. May 10, 2010).

C

The court addresses next Williams' claim under 25 U.S.C. § 3116(b). Defendants maintain that "it is impossible for Plaintiff to obtain relief under this statute" because it refers to contracts entered into by the government for forest land management on Native American

---

[11]It does not matter whether defendants would fit into the exception to the exclusion because they do not qualify as a "debt collector" in the first place, so no exclusion is necessary.

[12]It is unclear what basis Williams alleges that Santander (and not Chrysler) is a "debt collector," since it appears Chrysler owned the debt and sent account statements—not Santander. Even assuming *arguendo* that Chrysler's actions can be attributed to Santander, Williams' claims still fail for the reasons explained.

land.  Mot. Dis. ¶ 12.  Williams responds that defendants' argument "is false because and [sic] can claim due to attorney lack of power and lack of evidence."  P. Resp. (ECF No. 10) at 4.

Williams has failed to plausibly plead a claim for relief under § 3116(b).  This statute is part of the Tribal Forest Protection Act.  *See Howard v. Pearl*, 2021 WL 6618497, at *1 (C.D. Cal. Sept. 23, 2021).  Its purpose is, in part, to allow the Secretary of Interior to manage Native American forest lands and enlist the assistance of owners of the land.  *See* § 3102(2).  Furthermore, the section Williams cites appears to authorize the Secretary of Interior to enter into contracts with Native American tribes to execute programs under the Act.  *Howard*, 2021 WL 6618497, at *1 (citing 25 U.S.C. § 3115(b)).  Indeed, the specific provision Williams cites governs the Secretary of Interior's actions; it does not mention a private cause of action.  *See* § 3116(b).  The court therefore holds that, construing Williams' complaint liberally, Williams has not plausibly pleaded how the cited provision of this statute—which describes "an individual [who] fails to accept a reasonable offer of employment" or "fails to perform the duties of such employment"—applies in any way to this case (besides being titled "[b]reach of contract").  *See id.*  Accordingly, the court dismisses Williams' § 3116(b) claim.

D

The court turns next to Williams' claim under 15 U.S.C. § 689n.  Defendants contend that § 689n requires a violation by a "New Markets Venture company."  A "New Markets Venture Capital company" is defined as a company that has been granted permission by the

administrator of the New Markets Venture Capital Program to be designated as such and has entered into a participation agreement with the administrator. *See* § 689(4). Defendants maintain that Williams has not alleged how they fit under this definition. Williams responds that defendants' argument is "false" and "defendants [did] not honor[] the coupon that paid the automobile in full." P. Resp. (ECF No. 10) at 4.

Section 689n describes violations by a "New Markets Venture Capital company" or persons serving in employment or agent capacities on those companies. *See* § 689n(b),(c). In other words, to violate this statute a defendant must be a New Markets Venture Capital company or be a person in some way connected to such a company. *See id.* Even construing Williams' complaint liberally, he has failed to plausibly plead that either defendant is a New Markets Venture Capital company. Therefore, his claim under § 689n fails and must be dismissed.

E

Finally, the court considers Williams' claim under 15 U.S.C. § 6802(b).[13] Defendants contend that § 6802(b) does not provide a private cause of action. Williams does not meaningfully respond to this argument.

"Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citing

---

[13]Defendants also challenge Williams' claim under 7 U.S.C. § 2012(g) via their Rule 12(b)(6) motion. But Williams makes clear in his response that he does not assert a claim based on this statute. Accordingly, the court does not address it.

*Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979)). In other words, private plaintiffs cannot sue to enforce federal law unless Congress has expressly or impliedly authorized them to do. Williams' claim under § 6802(b) is a claim under the Gramm-Leach-Biley Act ("GLBA"). *See Hall v. Phenix Investigations, Inc.*, 2014 WL 5697856, at *1 (N.D. Tex. Nov. 5, 2014) (Fitzwater, C.J.); *Walker v. U.S. Bank*, 2021 WL 5701498, at *1 (N.D. Tex. Nov. 1, 2021) (Horan, J.), *rec. adopted*, 2021 WL 5630922 (N.D. Tex. Nov. 30, 2021) (Lindsay, J.).

But GLBA does not provide a private cause of action. *Hall*, 2014 WL 5697856, at *9 ("The court holds that GLBA does not create a private right of action."); *see also Wilson v. Deutsche Bank Tr. Co. Ams. as Tr. for Residential Accredit Loans, Inc.*, 2019 WL 175078, at *4 (N.D. Tex. Jan. 10, 2019) (Fitzwater, J.); *Lowe v. ViewPoint Bank*, 972 F.Supp.2d 947, 954-55 (N.D. Tex. Sept. 18, 2013) (Fish, J.) (collecting cases). Therefore, Williams' claim under § 6802(b) is dismissed.[14]

IV

The court now considers Williams' multiple motions to compel, defendants' motion to strike the motions to compel, and Williams' motion to strike defendants' motion to strike.

---

[14]To the extent Williams alleges a breach of contract claim, he has failed to plead how any contract was breached. *See Lee v. Tyco Elecs. Power Sys., Inc.*, 393 F.Supp.2d 429, 434 (N.D. Tex. 2005) (Fitzwater, J.) (lisiting breach of contract elements). At best, he makes conclusory allegations of breach that are insufficient to state a claim for relief. *See Metcalf v. Deutsche Bank Nat'l Tr. Co.*, 2012 WL 2399369, at *10-11 (N.D. Tex. June 26, 2012) (Fitzwater, C.J.). The court has not identified any other claims that Williams asserts in his complaint.

Williams' most current amended motion to compel seeks (1) "documentary evidence proving that [defendants] were the original creditors" and (2) "documents showing the way [defendants'] firm operates and their employees along with all the documents regarding the plaintiff." Mot. Compl. (ECF No. 18) at 2.

The court denies Williams' motions to compel because he has "not indicated that he made a Rule 34 request before seeking court intervention." *Fennell v. TDCJ*, 2007 WL 9711618, at *2 (W.D. Tex. June 6, 2007).[15] Here, Williams seeks certain documents from defendants. Under Rule 34, a plaintiff may serve a request on a defendant to inspect documents.

But Williams has not stated that he made the required Rule 34 request before filing his motions to compel. *See* Rule 37(a)(3)(B)(iv) (permitting motion to compel documents when party "fails to produce documents . . . as requested under Rule 34."); *Crosswhite v. Lexington Ins. Co.*, 321 Fed. Appx. 365, 368 (5th Cir. 2009) (per curiam) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received." (citing Rule 37(a))); *Stancu v. Hyatt Corp./Hyatt Regency, Dall.*, 2018 WL 888909, at *1 (N.D. Tex. Feb. 14, 2018) (Horan, J.) ("[A] party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Rule 34."); *Hebert v. France*, 2021 WL 2514684, at *3 (E.D. La. June 18, 2021)*; Fennell*, 2007 WL 9711618, at *2 ("The plaintiff

---

[15]Williams states that he has asked for the documents, but he does not specify that he has done so under the requirements of Rule 34.

- 16 -

has not indicated that he made a Rule 34 request before seeking court intervention. At this time, it is improper for the court to intervene."); *see also Simon v. Taylor*, 2014 WL 6633917, at *27 (D.N.M. Nov. 18, 2014) (collecting cases), *aff'd*, 794 Fed. Appx. 703 (10th Cir. 2019). Accordingly, the court denies Williams' motions on this ground. Defendants' motion to strike is granted, and Williams' motion to strike is denied.

V

Although the court is granting defendants' Rule 12(b)(6) motion to dismiss, it will permit Williams to replead.

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Williams has not stated that he cannot, or is unwilling to, cure the defects that the court has identified.

Moreover, in granting leave to replead, the court takes into consideration that Williams is proceeding *pro se*. *See, e.g., Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were appearing *pro se*); *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to

plead his best case, because he was proceeding pro se.").

Accordingly, the court grants Williams 28 days from the date this memorandum opinion and order is filed to file a first amended complaint.

\* \* \*

For the reasons explained, the court denies defendants' Rule 12(b)(1) motion to dismiss and grants defendants' Rule 12(b)(6) motion to dismiss; grants defendants' motion to strike; denies Williams' motions and amended motions to compel; denies Williams' motion to strike; but grants Williams leave to file a first amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

February 24, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE