IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KERINTON WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:21-CV-3176-D-BH |
| | § | |
| SANTANDER CONSUMER | § | |
| USA HOLDINGS INC. and | § | |
| CHRYSLER CAPITAL, | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant findings and applicable law, *Plaintiff [sic] Motion for Leave to File Amended Complaint*, filed April 8, 2022 (doc. 36), is **GRANTED**. Because it is directed at the prior complaint, *Defendants Santander Consumer USA Holdings Inc. and Chrysler Capital's Motion to Dismiss Under Federal Rule of Civil Procedure 12(B)(6)*, filed April 5, 2022 (doc. 32), is **DEEMED MOOT**.

### I. BACKGROUND

This lawsuit arises from "a consumer credit transaction" for the purchase of a motor vehicle. (*See* doc. 24 at 2-3.)[2] On February 24, 2022, the *pro se* purchaser plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), 25 U.S.C. § 3116(b), 15 U.S.C. § 689n, and 15 U.S.C. § 6802(b), were dismissed for failure to state a claim upon which relief may be granted, but he was given leave to replead. (*See* doc. 21 at 6-15, 17-18.) His amended complaint, filed on March 15, 2022, appears to assert claims for violations of the Truth in Lending Act (TILA), criminal statutes

---

[1] By order of reference, this *pro se* case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

relating to "Making extortionate extensions of credit" (18 U.S.C. §§ 891(6) and (7), 892(a), 893, 894(a) and (b)), 15 U.S.C. § 1635(a), 15 U.S.C. § 1605(a), 12 C.F.R. § 1026.4(a) and (b), and 15 U.S.C. § 1637.  (*See* doc. 24 at 15.)  On April 8, 2022, the plaintiff timely sought leave to file an amended complaint to add new claims and to "remove" some of his claims.  (*See* doc. 36.)[3]  The defendants oppose amendment on grounds of undue delay, bad faith and futility.  (*See* doc. 39.)

## II.  MOTION FOR LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, or if a responsive pleading is required, within 21 days of receiving the responsive pleading or a motion under Rule 12(b), (e), or (f).  Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982).  A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998).  There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. David*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

### A.     <u>Undue Delay, Bad Faith and Dilatory Motive</u>

"A litigant's failure to assert a claim as soon as he could have is properly a factor to be

---

[3] The scheduling order dated April 5, 2022, set a deadline for filing motions for leave to amend pleadings of June 30, 2022.  (*See* doc. 29.)

considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Delay alone is an insufficient basis to deny leave to amend, and delay must be "*undue, i.e.*, it must prejudice the nonmoving party or impos[e] unwarranted burdens on the court." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 610 F. Supp.2d 600, 653 (S.D. Tex. 2009) (quoting *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004)) (emphasis original). When a court considers a motion for leave to add a new theory to the complaint, "[a]s a general rule, the risk of substantial prejudice increases with the passage of time." *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 3:06-CV-0073-D, 2007 WL 2592353, at *2 (N.D. Tex. Sept. 10, 2007) (citation omitted). The Fifth Circuit recognizes that "even under the more liberal Rule 15 standard [a court] 'more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment.'" *Squyres*, 782 F.3d at 239 (citation omitted).

Here, because the plaintiff sought leave to file a first amended complaint by the deadline, his motion is presumed timely. *See Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011) (explaining that "there is a presumption of timeliness" if the motion for leave is filed by the court-ordered deadline); *see also Mary Kay, Inc. v. Dunlap,* 3:12-CV-29-D, 2012 WL 3283475, at *2 (N.D. Tex. Aug. 13, 2012) (finding that argument of undue delay "lacks force" where amendment was sought by court-ordered deadline). Notably, the motion was filed approximately three weeks after the plaintiff timely filed his first amended complaint in response to the order dismissing the claims in his original complaint, and well in advance of the deadline for amended pleadings. The defendants have not shown that permitting the amendment will cause undue

delay or prejudice under these circumstances, especially since they have now requested extension of the pretrial deadlines. *See Carson*, 689 F.2d at 583-585 (finding the district court abused its discretion in denying leave to amend complaint to add an additional claim where there was no pretrial order or conference, there was no evidence in the record to suggest the plaintiff acted in bad faith in not previously including the claim, and there was no evidence of prejudice to the defendants if the claim was allowed to be made); *compare OnAsset Intelligence, Inc. v. Freightweight International (USA), Inc.*, No. 3:11-CV-3148-G, 2012 WL 5409660, at *2 (N.D.Tex. Nov. 6, 2012) (finding the "usual case in which 'undue delay' supports a court's denial of leave to amend is where a party waits until the eve of trial to assert a new claim); *Daves v. Payless Cashway, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981) (finding an unexplained delay in seeking to amend complaint on the day of trial coupled with the fact that the amended complaint presented a theory of recovery far removed from the original, justified denial of leave to amend even though there was no showing of bad faith).

Likewise, there have been no repeated failures to cure deficiencies, and nothing in the record suggests bad faith or dilatory motive. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) (affirming denial of the plaintiffs' motion for leave to amend complaint because the district court allowed previous amendments and because plaintiffs "had been aware of the factual underpinnings of the [additional] claim for some time ... [but] had not been diligent in pursuing the claim"); *Overseas Inns, S.A. P.A. v. United States*, 911 F.2d 1146, 1150 (5th Cir. 1990) (upholding denial of leave to amend under Rule 15(a) where extensive proceedings had taken place, defendant had filed a motion for summary judgment, and plaintiff attempted to amend two-and-a-half years after filing its complaint, and only after filing its own motion for summary judgment); *WRR Indus., Inc. v. Prologis*, No. 3:04-CV-2544-L, 2006 WL 1814126, at *5 (N.D. Tex. June 30, 2006) (finding bad faith

and dilatory motive where the motion for leave to amend would fundamentally alter the case after 18 months, and motions to dismiss and for summary judgment had been filed).

When the facts in this case are "carefully scrutinized," nothing in the record suggests an undue delay, bad faith or a dilatory motive by the plaintiff, or undue prejudice to the defendants.

**B.**     **Futility**

In the context of Rule 15(a), the Fifth Circuit has interpreted futility to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Leave to amend does not need to be granted when the amended complaint would not defeat a motion to dismiss. *See id*. The issue of futility, however, is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood*, 2011 WL 4941044 at *1; *see also McDade v. Wells Fargo Bank, N.A.*, No. H-10-3733, 2011 WL 4860023 at *4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that "the amended complaint would fail to state a claim upon which relief could be granted") (quoting *Stripling*, 234 F.3d at 873). In fact, it is the court's "'almost unvarying practice when futility is raised [in response to a motion for leave to amend] to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion.' " *Maynard v. Paypal, Inc.*, No. 3:18-CV-0259-D, 2018 WL 5776268, at *5 (N.D. Tex. Nov. 2, 2018) (quoting *Garcia v. Zale Corp.*, No. 3:04-CV-1917-D, 2006 WL 298156, at *1-2) (N.D. Tex. Feb. 1, 2006) (quoting *Poly-America, Inc. v. Serrott Int'l Inc.*, No. 3:00-CV-1457-D, 2002 WL 206454, at *4-5 (N.D. Tex. Feb. 7, 2002)); *Quanah Serv., Inc. v. Security Bank*, No. 7:20-CV-00027-O, 2020 WL 6119910, at *3 (N.D. Tex. July 1, 2020) (noting "the Northern District of Texas's 'almost unvarying practice ...'")(quoting *Reneker v. Offill*,

5

3:08-CV-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011)).

Here, this is only the plaintiff's second amendment.  His proposed amended complaint asserts a new claim and addresses some of the issues identified in the defendants' motion to dismiss.  Moreover, notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs *several* opportunities to state a claim upon which relief can be granted.  *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001).  Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed by a court order.  *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.  Allowing him an opportunity to amend prior to determination of whether his first amended complaint states a claim will allow the plaintiff a further opportunity to plead his best case.

Having considered the relevant factors, there is no "substantial reason" to deny the plaintiff's motion for leave to amend his complaint. *See Jacobsen*, 133 F.3d at 318.

### III.  CONCLUSION

The plaintiffs' motion for leave to amend is **GRANTED**.  The Clerk's Office shall file the proposed first amended complaint filed with his motion.  Because the plaintiff has been permitted to amend his complaint to add new claims and remove others, and the defendants' motion to dismiss is directed at the prior complaint, the motion to dismiss is **DEEMED MOOT**.

**SO ORDERED** on this 5th day of July, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE