IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KERINTON WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:21-CV-3176-D-BH |
| § | |
| SANTANDER CONSUMER § | |
| USA HOLDINGS INC. and § | |
| CHRYSLER CAPITAL, § | |
| § | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's *Motion to Compel*, filed March 15, 2022 (doc. 25), is **DENIED**, and *Defendants Santander Consumer USA Holdings Inc. and Chrysler Capital's Motion to Strike Plaintiff's Amended Motion to Compel*, filed April 5, 2022 (doc. 31), is **DEEMED MOOT**.

The plaintiff moves to compel the defendants to produce the "the defendants documentary evidence via books of accounts, with financial and corporate records of the funds being withdrawn from CHRYSLER CAPITAL account, proving that CHRYSLER CAPITAL is the original creditor sworn under oath with fact by fact rebutting affidavit under penalty of perjury which was listed on complaint" and the defendants' attorneys' "oaths, legal malpractice insurance documents, copies of all records regardless of the form or format regarding case and the plaintiff (Kerinton S. Williams), statements of general course, method by which functions are channeled and determined, statements of policy and interpretation which have been adopted by the agency and are not published in federal registry." (*See* doc. 25 at 1-2.) Although he alleges that he has "demand[ed]" that the defendants provide this evidence under Rule 34 of the Federal Rules of Civil Procedure, he has not demonstrated

---

[1] By order of reference, this *pro se* case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

that he has served a request for production of documents in accordance with the requirements of Rule 34. His prior motions to compel production of the same documents were denied for this reason. (*See* doc. 21 at 16); *Williams v. Santander Consumer USA Holdings, Inc., et al.*, No. 3:21-CV-3176-D, 2022 WL 56896, at *8 (N.D. Tex. Feb. 24, 2022) (Fitzwater, J.) (denying the plaintiff's prior motions to compel because he has "'not indicated that he has made a Rule 34 request before seeking court intervention'") (quoting *Fennel v. TDCJ*, No. P:06-CV-046, 2007 WL 9711618, at *2 (W.D. Tex. June 6, 2007)).

Before moving to compel the production of documents, a party must first serve discovery requests in accordance with the applicable Federal Rules of Civil Procedure. *See Williams*, 2022 WL 56896, at *8; *see also Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (court did not err by denying prisoner a copy of medical records where record did not show that he ever served a Rule 34 request for records on the defendants); *Securities and Exchange Commission v. Amerifirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 926587, at *3 (N.D. Tex. Apr. 7, 2008)(Fitzwater, C.J.) (denying motion to compel production of documents where the requesting party had not shown that the party in possession of the documents had failed to respond to a Rule 34 request). A motion to the court "is not an appropriate method of obtaining discovery" in the first instance. *Wetzel v. Slidell Police Dept.*, No.09-0014, 2009 WL 481254, at *1 (E.D. La. Feb. 20, 2009).

Because the plaintiff has still not demonstrated that he has served the defendants with a request for the production of documents as provided by Rule 34, his motion is **DENIED**. The defendants' motion to strike the motion to compel is **DEEMED MOOT**.

**SO ORDERED** on this 5th day of July, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE