IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KERINTON WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:21-CV-3176-D-BH |
| | § | |
| SANTANDER CONSUMER | § | |
| USA HOLDINGS INC. and | § | |
| CHRYSLER CAPITAL, | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Based on the relevant findings and applicable law, *Defendants' Motion for Leave to File Answer to Plaintiff's Amended Complaint*, filed July 29, 2022 (doc. 46), is **GRANTED**, and *Plaintiff's Motion to Strike Defendant's Motion to Leave*, filed July 29, 2022 (doc. 47), is **DENIED**.

**I. BACKGROUND**

This lawsuit arises from "a consumer credit transaction" for the purchase of a motor vehicle. (*See* doc. 24 at 2-3.)[2] The *pro se* purchaser plaintiff filed this action under the Fair Debt Collection Practices Act (FDCPA), 25 U.S.C. § 3116(b), 15 U.S.C. § 689n, and 15 U.S.C. § 6802(b), on December 21, 2021. (*See* doc. 3.) The defendants moved to dismiss the complaint for failure to state a claim, their motion was granted in part on February 24, 2022, and the plaintiff was given leave to replead. (*See* doc. 21 at 6-15, 17-18.) His amended complaint, filed on March 15, 2022, appeared to assert claims for violations of the Truth in Lending Act (TILA), criminal statutes relating to "Making extortionate extensions of credit" (18 U.S.C. §§ 891(6) and (7), 892(a), 893, 894(a) and (b)), 15 U.S.C.

---

[1] By order of reference, this *pro se* case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

§ 1635(a), 15 U.S.C. § 1605(a), 12 C.F.R. § 1026.4(a) and (b), and 15 U.S.C. § 1637. (*See* doc. 24 at 15.) The defendants moved to dismiss the amended complaint on April 5, 2022. (*See* doc. 32.)

On April 8, 2022, the plaintiff timely sought leave to file an amended complaint to add new claims and to "remove" some of his claims, but the defendants opposed amendment on grounds of undue delay, bad faith and futility. (*See* docs. 36, 39.)³ The plaintiff's motion for leave to amend was granted, and his amended complaint was filed, on July 5, 2022. (*See* docs. 42, 43.)⁴ On that same day, the defendants' motion to extend the deadline for amendment of pleadings until July 26, 2022, was also granted. (*See* docs. 41, 45.) On July 29, 2022, the remaining defendant moved for leave to file its answer to the amended complaint and to set forth affirmative defenses based on the allegations in the current amended complaint. (*See* doc. 46.) Its motion acknowledged that the July 26, 2022 deadline for filing amended pleadings had passed when it filed the motion but explained that the failure to timely file its answer resulted from a failure to calendar the deadlines. (*Id.* at 2.) The plaintiff opposes the motion and seeks to have it stricken. (*See* doc. 47.)

## II. MOTION FOR LEAVE TO FILE ANSWER

The defendant expressly seeks leave under Rule 15(a)(2) of the Federal Rules of Civil Procedure to file its answer to the amended complaint. (*See* doc. 46 at 2.) Rule 15(a)(2) provides that after the time for amendment of pleadings as matter of course has passed, a party may amend its pleading only with consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). The defendant notes that Rule 15 also provides that leave should be "freely give[n] ... when justice so requires." (*See* doc. 46 at 2 (citing Rule 15(a)(2).)

---

³The scheduling order dated April 5, 2022, set a deadline for filing motions for leave to amend pleadings of June 30, 2022. (*See* doc. 29.)

⁴The amended complaint dropped one of the named defendants, Chrysler Capital. (*See* doc. 43.)

2

When the deadline for filing motions for leave to amend the pleadings has expired, as here, a court "must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard." *Aircraft Holding Solutions, LLC v. Learjet, Inc.*, No. 3:18-CV-0823-D, 2020 WL 6262183, at *4 (N.D. Tex., Oct. 23, 2020) (Fitzwater, S.J.)(citing *S&W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)); *see also Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (Rule 16 governs the amendment of pleadings where the deadline in a scheduling order has expired); *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-870-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) (Fitzwater, C.J.) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2)."). This "'standard focuses on the diligence of the party seeking to modify the scheduling order.'" *Id.* (quoting *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.)). "Mere inadvertence" is insufficient to meet it; a party must instead show that it could not reasonably have met the scheduling deadline despite diligence. *Id.* (citing *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 248523, at *2 (N.D. Tex. Jan. 26, 2011) (Fitzwater, C.J.) and *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.)).[5] Only if the movant satisfies the "good cause" standard of Rule 16(b)(4) does the court proceed to determine whether leave to amend should be granted under the more liberal standard of Rule 15(a)(2). *Aircraft Holding Solutions,* 2020 WL 6262183, at *4.

---

[5] The Fifth Circuit has identified four factors to consider when determining whether the movant has shown "good cause" in the context of an untimely motion to amend pleadings: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters.*, 315 F.3d at 536 (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997))).

Although the defendant expressly relies on Rule 15(a)(2), it has not previously filed a pleading that may be amended. The deadline for responding to an amended complaint is established by Rule 15(a)(3), which provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).[6] Because the defendant failed to timely file its answer in response to the live amended complaint, it appears that Rule 6(b)(1)(B), rather than Rule 16(b)(4), provides the applicable standard.

Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *Nguyen v. Versacom, LLC*, No. 3:13-CV-4689-D, 2016 WL 7426126, at *3 (N.D. Tex. Dec. 23, 2016) (Fitzwater, J.). Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Its determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395; *McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir.2010) (per curiam). It "encompasses 'late filings [[that] were due to mistake, inadvertence or carelessness and not to bad faith[.]" *Nguyen*, 2016 WL 7426126, at *3 (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (citing *Pioneer Inv. Serv. Co.*, 507 U.S. at 388)).

---

[6] "[W]hile leave of court is not technically required, 'most courts [still] require leave to raise new allegations and defenses that go beyond responding to the new matters raised in the amended pleading[,]'" such as a newly asserted affirmative defense that could have been raised earlier. *Sundbeck v. Sundbeck*, No. 1:10cv23, 2011 WL 4626282, at *2 (N.D. Miss. Sept. 30, 2011) (quoting *United States ex rel. Benefit of L & A Contracting Co. v. Federal Insurance Co.*, No. 2:07-cv-57 (DCB)(JMR), 2009 WL 1690178, at *1 (S.D. Miss. June 17, 2009) (quoting *Seitz v. Envirotech Systems Worldwide Inc.*, No. H-02-4782, 2007 WL 1795678, at *2 (S.D. Tex. June 19, 2007) (citation omitted))). Here, the defendant contends that the affirmative defenses it seeks to assert are based on the allegations in the current amended complaint. (*See* doc. 46 at 1.) The plaintiff's motion for leave to file the amended complaint specifically stated that he was seeking to add new claims. (*See* doc. 36.) Leave of court to file a timely answer asserting affirmative defenses in response to the new matters in the amended complaint would not have been required.

"'There are four non-exclusive factors for determining whether a late filing may constitute 'excusable neglect': (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith.'" *Id.* (quoting *Kretchmer v. Eveden, Inc.*, No. 3:07-CV-1068-D, 2009 WL 1939036, at *1 (N.D. Tex. July 2, 2009) (Fitzwater, C.J.) (citing *Pioneer Inv. Serv. Co.*, 507 U.S. at 395), *aff'd*, 374 F. App'x 493 (5th Cir. 2010)). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty*, 376 F. App'x at 443–444 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

Here, the defendant contends that its failure to timely respond to the amended complaint was result of failing to calendar the deadline.  (*See* doc. 46 at 2.)  At this early stage of the proceedings, there is no apparent danger of prejudice to the plaintiff.  Although he appears to claim that he should have been entitled to a default judgment based on the failure to timely answer, this court has noted that "'[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Aircraft Holding Solutions, LLC*, 2020 WL 6262183, at *3 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The defendant has defended the case by timely filing motions to dismiss, so there is no basis for entry of default.  *See Rogers v. Barnhart*, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance")).  Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.

5

2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).

As for the remaining three factors, the length of delay is less than two weeks, and there is no apparent impact on the judicial proceedings. According to the defendant, the delay in filing its answer was the result of failing to calendar the correct deadline, which constitutes mistake, inadvertence or carelessness. There is no indication of bad faith. The defendant has established that its failure to timely file its answer was the result of excusable neglect, and there is good cause to allow it to file an answer. *See Nguyen*, 2016 WL 7426126, at *4. There appears to be no reason for the court, in its discretion, to deny the defendant an extension of time under Rule 6(b) to file an answer. *See McCarty*, 376 F. App'x at 443–444.[7]

### III. CONCLUSION

The defendant's motion is **GRANTED**. The Clerk's Office shall file the proposed amended answer filed with its motion. The plaintiff's motion to strike the defendant's motion is **DENIED**.

**SO ORDERED** on this 2nd day of August, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] Because the four factors for evaluating excusable neglect are similar to those for evaluating good cause under Rule 16(b)(4), *see Nguyen,* 2016 WL 7426126, at * 3, the result would be the same under that standard.