IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KERINTON WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:21-CV-3176-D-BH |
| § | |
| SANTANDER CONSUMER § | |
| USA HOLDINGS INC. and § | |
| CHRYSLER CAPITAL, § | |
| § | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's *Motion for Default Judgment*, filed July 29, 2022 (doc. 47-1), should be **DENIED**.

**I.  BACKGROUND**

This lawsuit arises from "a consumer credit transaction" for the purchase of a motor vehicle. (*See* doc. 24 at 2-3.)[2]  The *pro se* purchaser plaintiff filed this action under the Fair Debt Collection Practices Act (FDCPA), 25 U.S.C. § 3116(b), 15 U.S.C. § 689n, and 15 U.S.C. § 6802(b), on December 21, 2021.  (*See* doc. 3.)  The defendants moved to dismiss the complaint for failure to state a claim, their motion was granted in part on February 24, 2022, and the plaintiff was given leave to replead.  (*See* doc. 21 at 6-15, 17-18.)  He filed an amended complaint on March 15, 2022, in which he asserted new claims.  (*See* doc. 24 at 15.)  The defendants moved to dismiss the amended complaint on April 5, 2022.  (*See* doc. 32.)

On April 8, 2022, the plaintiff timely sought leave to file an amended complaint to add new

---

[1] By order of reference, this *pro se* case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

claims and to "remove" some of his claims; the motion was granted on July 5, 2022, and his complaint was filed on that day. (*See* docs. 36, 42, 43.)[3] On July 29, 2022, the remaining defendant moved for leave to file an answer to the amended complaint and to set forth affirmative defenses based on the allegations in the amended complaint. (*See* doc. 46.) The plaintiff seeks entry of default judgment based on the defendant's failure to timely respond to the amended complaint. (*See* doc. 47-1.)

## II. ANALYSIS

The plaintiff moves for entry of default judgment under Fed. R. Civ. P. 55 based on the remaining defendant's failure to timely respond to his complaint.

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the defendant has defended the case by timely filing a motion to dismiss. *See Rogers v. Barnhart*, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance"). Because the defendant timely appeared and defended the case, and has attempted to answer, the Clerk of Court has already declined to enter a default under Rule 55(a). Without a prior entry of default, a party has no basis to seek a default

---

[3] The amended complaint dropped one of the named defendants, Chrysler Capital. (*See* doc. 43.)

judgment. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).

Because the defendant has timely defended this action, and no default has been entered, entry of default judgment is not warranted.

### III. RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SIGNED** this 2nd day of August, 2022.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE